

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| JOHN THOMAS, | § | |
|     Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No.: 3:25-4977-MGL |
| | § | |
| HARDHAT WORKFORCE SOLUTIONS, | § | |
| LLC, and ADVANCED TECHNOLOGY | § | |
| ELECTRICAL SERVICES, INC., | § | |
|     Defendants. | § | |

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFF'S MOTION TO REMAND**

### I.    INTRODUCTION

Plaintiff John Thomas (Thomas) filed this civil action against Defendants HardHat Workforce Solutions, LLC, (HardHat) and Advanced Technology Electrical Services, Inc., (ATE) (collectively, Defendants) in the Lexington County Court of Common Pleas.  HardHat thereafter removed the case to this Court, claiming it has jurisdiction over the matter in accordance with 28 U.S.C. § 1331.  ATE consented to the removal.

Pending before the Court is Thomas's motion to remand.  Having considered the motion, the response, the record, and the applicable law, it is the judgment of the Court the motion will be denied.

## II.   FACTUAL AND PROCEDURAL HISTORY

In 2014, HardHat "entered into an employment relationship whereby HardHat, a staffing agency, agreed to provide electrical contract work for [Thomas]." Complaint ¶ 7.

"In 2022, [HardHat] placed [Thomas] with . . . ATE as lead electrician." *Id.* ¶ 8. The following year, "Defendants sent [Thomas] to Georgia" for an assignment that lasted four weeks. *Id.* ¶ 9. Per the complaint, "Defendants agreed to give [Thomas] $50.00 a day per diem and pay for his lodging." *Id.* Thomas, however, alleges "he never received the agreed upon . . . per diem or his wages[,]" and he "had to pay for his own lodging" for half of the assignment. *Id.* ¶ 10.

Therefore, as the Court stated above, Thomas filed this action in the Lexington County Court of Common Pleas. He alleges violations of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 et seq., and the South Carolina Payment of Wages Act (SCPWA), S.C. Code Ann. § 41-10-10 et seq.

As the Court also noted earlier, HardHat, with the consent of ATE, removed the matter to this Court, upon which Thomas filed a motion to remand. HardHat responded, but Thomas neglected to reply. Having been fully briefed on the relevant issues, the Court will now adjudicate the motion.

## III.   STANDARD OF REVIEW

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[ ] may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

When considering a motion to remand, the Court accepts as true all relevant allegations in the complaint and construes all factual ambiguities in favor of the plaintiff. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163–64 (5th Cir. 1988).

For the Court to have federal question jurisdiction over a claim, "a right or immunity created by the Constitution or laws of the United States must be an [essential] element" of the claim. *Gully v. First Nat'l Bank*, 299 U.S. 109, 112–13 (1936).

The Fourth Circuit "has consistently held . . . the presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides . . . federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint without consideration of any potential defenses." *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 450 (4th Cir. 2004) (quoting *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 207 (2004)).

### IV.     DISCUSSION AND ANALYSIS

Thomas argues the Court should remand this case because the amount in controversy fails to exceed $75,000.00. HardHat, on the other hand, asserts remand is improper, as the complaint states a federal claim.

As the Court explained above, Thomas alleges violations of federal law, the FLSA, and state law, the SCPWA. Both claims stem from Defendants' purported failure to pay Thomas his wages and per diem.

Because the FLSA is a federal statute, the Court has federal question jurisdiction over Thomas's FLSA claim. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."). And, it has supplemental jurisdiction over Thomas's SCPWA claim. *See* 28 U.S.C. § 1367 ("[I]in any civil action of which

the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.")

## V.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court Thomas's motion to remand is **DENIED**.

**IT IS SO ORDERED.**

Signed this 5th day of November 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE